Julie **BROWN**, Plaintiff,

v.

**CONDUX TESMEC, INC.,**
**et. al., Defendants.**

**Civil Action Number 5:15-cv-01505-AKK**

United States District Court,
N.D. Alabama, Northeastern Division.

Signed September 30, 2015

David H. Marsh, Michael K. Beard, Marsh Rickard & Bryan PC, Birmingham, AL, for Plaintiff.

---

Thomas Coleman, Jr., Smith Spires & Peddy PC, Birmingham, AL, Charles F. Carr, Faith Ann Nixon, Carr Allison PC, Daphne, AL, Gary V. Conchin, Kenneth Bridges Cole, Jr., Conchin Cloud & Cole LLC, Huntsville, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

### ABDUL K. KALLON, UNITED STATES DISTRICT JUDGE

This case originated in the Circuit Court of Limestone County. It made its way to this court when Third-Party Defendant Christopher Shane Carman ("Carman"), who contends he is an employee of the Tennessee Valley Authority ("TVA"), removed it under the authority of 42 U.S.C. § 1442, which permits "[t]he United States or any agency thereof or any officer ... of the United States" to remove cases brought "for or relating to any act under color of such office." Since then, the parties have filed multiple motions, including Carman's motion to dismiss or, alternatively, motion for summary judgment, and motion to remand, doc. 2, and Plaintiff Julie Brown's motion to dismiss her claims against Carman and to remand, doc. 9. Upon consideration of the record, the submissions of the parties, and the relevant law, the court finds that Defendant Carman's motions to dismiss and remand are due to be **GRANTED**.[1]

At the outset, because federal courts are courts of limited jurisdiction with the power to hear only cases authorized by the Constitution and federal statutes, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the court must first address whether it has subject matter jurisdiction over this matter. Relevant here, again,

Carman initially removed this matter from state court pursuant to 42 U.S.C. § 1442. The Supreme Court has held that § 1442(a) "is a pure jurisdictional statute" that "do[es] nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant [and asserts a federal question defense]." *Mesa v. California*, 489 U.S. 121, 136, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989). Therefore, the court must ascertain whether Carman is indeed a "federal officer." *See Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir.1996) ("If the statutory prerequisites are satisfied, section 1442(a)(1) provides an independent federal jurisdictional basis."). To do so, the court must determine whether Carman is an employee of the TVA, and because this determination concerns the court's jurisdiction over this matter, the court may consider extrinsic evidence. *See Slappey v. U.S. Army Corps of Eng'rs*, 571 Fed.Appx. 855, 856 (11th Cir.2014) ("In a factual challenge to subject matter jurisdiction ... 'the district court ... may consider extrinsic evidence such as testimony and affidavits.'") (quoting *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir.2011) (discussing the court's authority to examine extrinsic evidence when faced with subject matter jurisdiction challenges under Fed. R. Civ. P. 12(b)(1))).

This court may therefore consider Carman's declaration filed with his removal notice, doc. 1-2, the declaration of Tracey C. Walls, doc. 16, TVA's July 27, 2010 letter confirming its offer and Carman's acceptance "of employment for the position of Marine Pilot," doc. 16-1, Carman's TVA identification badge designating him as an

---

1. Accordingly, Condux International's motion to consolidate cases, doc. 5, and the Thacker's motion to consolidate, doc. 7, are rendered **MOOT** and **VACATED**. The Thacker's motion to continue the motion to dismiss or, alternatively, the motion for summary judgment, doc. 8, is also rendered **MOOT** and **VACATED**.

employee, and Carman's W-2 from the year 2013, doc. 16-3,—all of which confirm Carman's status as a TVA employee. Therefore, based on this extrinsic evidence, which the court may consider in determining subject matter jurisdiction under § 1442(a)(1), the court finds that Carman is, in fact, a TVA employee, and that this matter is properly before it.

The court turns now to the motions to dismiss, beginning first with Plaintiff Julie Brown's motion to dismiss Carman. After all, it is Brown's decision to file a claim against Carman that triggered, in part, the events that led to the removal of this case to this court under § 1442(a). Brown's motion is based on the fact that she "is satisfied that Mr. Carman is a TVA employee" and that she cannot pursue her claim for punitive damages against the TVA. Doc. 9 at 2. Because Brown's motion is unopposed, *see* docs. 19 at 2 ("Condux International takes no position on the Motion to Dismiss claims against Christopher Shane Carman."); 21 (challenging only Carman's motion to dismiss the claims against him on federal official immunity grounds); 23 at 4 n.2 ("Defendant Haverfield .... has no position on Defendant Carman's dismissal from this suit."); 24 at 1 ("Mr. Carman does not oppose his dismissal as a defendant to plaintiff's Second Amended and Restated Complaint."), the motion is **GRANTED**.

Likewise, Carman's motion for dismissal on the grounds of federal official immunity, doc. 2 at 1, is also **GRANTED**. Created under 16 U.S.C. § 831-831ee (1933), the TVA is a "constitutionally authorized corporate agency and instrumentality of the United States." *Bobo v. AGCO Corp.*, 981 F.Supp.2d 1130, 1137 (N.D.Ala.2013); *see also Springer v. Bryant*, 897 F.2d 1085, 1089 (11th Cir.1990) ("The TVA is a federally owned corporation that acts as an agency or instrumentality of the United States."). As such, TVA employees are considered federal employees. *See, e.g., United States v. Smith*, 499 U.S. 160, 168, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991) (considering TVA employees federal employees); *Jones v. Tenn. Valley Auth.*, 948 F.2d 258, 262 (6th Cir.1991) (same). Moreover, under *Johns v. Pettibone Corp.*, TVA employees are entitled to absolute immunity "when the conduct of federal officials is within the scope of their official duties *and* the conduct is discretionary in nature." 843 F.2d 464, 466 (11th Cir.1988) (emphasis in original) (quoting *Westfall v. Erwin*, 484 U.S. 292, 297–98, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988) (quotations omitted)). While the Third-Party Plaintiffs challenge Carman's contention that he is a TVA employee, they do not dispute, however, that Carman's actions during and after the accident were within the purview of his work or were discretionary in nature. *See* docs. 8 at 4-5 (arguing only that Carman's status as a TVA employee is not established) and 9 at 8-16 (arguing that Carman's employment status is not established and stating that the TVA should certify he was acting within the scope of his office). Therefore, because Carman's actions are considered discretionary, he is entitled to absolute immunity from suit. *See id.* at 466–67 (applying absolute immunity to TVA employees' decisions regarding appropriate safety measures).

In light of the dismissal of the claims against Carman, this court must consider next whether it will retain supplemental jurisdiction over this action. As stated previously, Carman based removal jurisdiction solely on his status as a federal employee. Doc. 1. Under 28 U.S.C. § 1367(c)(3), the court may decline to exercise supplemental jurisdiction where, as here, it "has dismissed all claims over which it has original jurisdiction." *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[I]f the federal claims are dismissed before trial

... the state claims should be dismissed as well."). This court exercises its discretion to decline supplemental jurisdiction here. Accordingly, as a matter of judicial economy, convenience and fairness to litigants, respect of the plaintiff's choice of forum, and comity, the remainder of this case should be remanded to the Circuit Court of Limestone County, Alabama.

## CONCLUSION AND ORDER

For the aforementioned reasons, Brown's and Carman's motions to dismiss, docs. 2 and 9, are **GRANTED**. The remaining claims in this case are therefore **REMANDED** to the Circuit Court of Limestone County, Alabama.

## ORDER

For the reasons stated fully in open court, the Thackers' motion to reconsider, doc. 27, is **DENIED**. The Thackers' motion to strike various aspects of Carman's declaration, *see id.* at 7-11, is moot, and their motion to consolidate, doc. 29, is **DENIED** as **MOOT**.